**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD GOMES, JR., | No. 13-16236 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-00311-SOM-BMK |
| v. | |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, LP, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted February 10, 2016[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiff Leonard Gomes, Jr., appeals the district court's order granting

summary judgment in favor of Defendants on Gomes's negligence claim and on

Gomes's unfair and deceptive acts and practices (UDAP) claim brought under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hawaii Revised Statutes § 480-2.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  Assuming that Defendants had a duty of care and breached it, Gomes failed to establish a triable issue as to whether the breach caused him any injury. First, Defendants were not responsible for Gomes's default.  Gomes defaulted because he could no longer afford payments, not because he relied on Defendants' statements or was expecting a loan modification.  Defendants' statements did not cause Gomes to forgo other options.  He tried to sell his house but did not receive any offers on it.

Second, Gomes did not show that Defendants' actions negatively affected his credit after he defaulted.  Gomes rejected the loan modification offer he ultimately received because he could not afford its payments.  He defaulted on other mortgages and did not show that the damage to his credit was proximately caused by Defendants' actions here.  Further, Gomes provided no evidence that, absent Defendants' actions, he would have successfully pursued the alternative forms of relief he identifies on appeal, such as reorganization through bankruptcy.

Third, Gomes admitted that he paid no costs and fees associated with a delay in processing his loan modification applications, and he presented no evidence that he accrued such costs and fees.

**2.** Because Gomes did not create a triable issue that Defendants' actions injured him, he also failed to create a triable issue on his UDAP claim, which required that he demonstrate "an injury resulting in damages." *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1056 (9th Cir. 2014). We decline to analyze Gomes's UDAP claim under the "relaxed burden" reserved for antitrust claims because Gomes's claim rests only on unfair or deceptive acts or practices. *See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977) (noting that compensable antitrust injury should "reflect the anticompetitive effect either of [defendants'] violation or of anticompetitive acts made possible by the violation").

**AFFIRMED.**